# United States District Court
# Southern District of Texas
# Houston Division

| | | |
|---|---|---|
| **ROBERTO GONZALEZ** | § § | |
| vs. | § § | Civil Action No.: 4:23-cv-00057 |
| **AIG PROPERTY CASUALTY COMPANY** | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Roberto Gonzalez, Plaintiff herein, files this First Amended Complaint complaining of and against Defendant AIG Property Casualty Company, and for cause of action would show as follows:

### PARTIES AND SERVICE

1. Plaintiff is an individual residing in Harris County, Texas.

2. Defendant AIG Property Casualty Company ("AIG") is doing business in Texas and has been served.

### JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this lawsuit. Defendant removed this case alleging diversity jurisdiction.

4. This Court has personal jurisdiction over the parties. All parties are either individual or corporate residents of the State of Texas and have sufficient minimum contacts with the State of Texas.

### FACTS

**A.   The August 13, 2020 automobile collision was caused by an underinsured motorist's negligence.**

5. On or about August 13, 2020, at approximately 2:15 p.m., Plaintiff Roberto Gonzalez was completely stopped in traffic in the far-right lane in the eastbound at 5100 San Felipe Street approximately 20 feet west of Post Oak Boulevard intersection, Harris County, Texas.

6. Jaigen Kaelee-Nicole Campbell ("Campbell") was also traveling in the same direction in the middle lane of 5100 San Felipe Street and negligently switched lanes and struck Plaintiff's vehicle in the rear.

7. As a result, Plaintiff's vehicle was pushed forward and struck another vehicle stopped in front of it. Plaintiff sustained personal injuries and property damage.

8. Below is excerpt from the police report showing how Campbell in Unit 1 rear-ended Plaintiff in Unit 2, and caused Plaintiff to collide with Unit 3.



*Excerpt 1: Diagram from the Texas Peace Officer's Crash Report*

9. Campbell had a duty to exercise ordinary care in carrying out his responsibilities as an operator of a motor vehicle. Campbell breached that duty of care in numerous ways

including: (a) failing to keep a proper lookout by observing the situation in the vicinity, including speed and proximity of other vehicles (*Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied); (b) driving at a speed that is unreasonable under the conditions (Tex. Transp. Code § 545.351), (c) failing to maintain a safe operating distance between vehicles (Tex. Transp. Code § 545.062); and (d) failing to stop before rearending Plaintiff.

10. Thus, the evidence of Campbell's negligence and liability for the collision is reasonably clear.

11. Each of the foregoing acts and/or omissions of Campbell, singularly or in combination, constitute negligence and proximately caused Plaintiff's injuries and damages.

12. Campbell's negligence was the sole cause of the collision with Plaintiff.

13. Nothing Plaintiff did or failed to do proximately caused the collision.

14. As a direct and proximate result of the collision, Plaintiff has suffered the following actual damages:

   a) reasonable medical expenses incurred by Plaintiff in the past and those medical expenses she will reasonably incur in the future;
   b) physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;
   c) mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;
   d) physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future; and
   e) physical impairment Plaintiff has suffered in the past and will continue to suffer in the future; and
   f) past and future loss of earnings.

15.  There is evidence that Plaintiff's injuries are severe. For example, on September 15, 2020, Mr. Gonzalez underwent MRI exams at CHI St. Luke's Medical Center. The lumbar and cervical spine MRIs revealed the following:

> Worsening degenerative discogenic and scoliotic changes which result in severe canal narrowing at the L4-5 level with severe right foraminal stenosis at this level.
>
> Severe right foraminal stenosis at the L5-S1 level.
>
> Severe foraminal stenosis with moderate to severe lateral recess narrowing bilaterally at L3-4.

*Figure 1: An excerpt from lumbar spine MRI impression*

> Degenerative changes resulting in multilevel focal narrowing without severe canal compromise. There is moderate to severe bilateral foraminal stenosis at C6-7 and C7-T1. Moderate to severe right foraminal stenosis is present at C5-6.

*Figure 2: An excerpt from cervical spine MRI impression*

16.  Because there was clear evidence that Campbell was liable for the collision and that Plaintiff's damages greatly exceeded the limits of Campbell's insurance policy, Campbell tendered the policy limits of $30,000 to Plaintiff to settle Plaintiff's claims against Campbell. In this situation, Campbell was an underinsured motorist.

### B. Plaintiff is entitled to his underinsured motorist benefits.

17.  At the time of the collision, Plaintiff held uninsured/underinsured (UM/UIM) coverage in the amount of $300,000 with Defendant AIG. Therefore, Plaintiff is entitled to the benefits available under that insurance policy.

18.  Plaintiffs' damages are well in excess of $300,000. So, the benefits that Plaintiff is entitled under his UIM policy is $270,000 ($300,000 less the $30,000 she received from Campbell's insurer).

19. On July 6, 2022, Plaintiffs' attorney sent a written demand for AIG to pay Plaintiff his the limits of his policy less the amount that she received in settlement (the "Demand'), attached as Exhibit 1.

20. The Demand provided AIG with substantial information regarding Campbell's liability, and Plaintiff's damages and past medical expenses that was more than adequate for AIG to determine that Plaintiff was entitled to UIM benefits of $270,000.

21. However, so far, AIG has only offered to pay UIM benefits of $33,000, notwithstanding Campbell's clear liability and Plaintiff's severe injuries and damages in excess of $270,000.

## CAUSES OF ACTION – BREACH OF CONTRACT

22. At the time of the vehicle collision made the basis of this suit, Plaintiff was a named beneficiary of an uninsured/underinsured motorist contract with AIG. Plaintiff suffered significant personal injuries and related damages as the result of said collision, caused by the negligence of the underinsured driver, for purposes of the AIG UIM insurance coverage.

23. Plaintiff made an offer to settle his underinsured motorist (UIM) claim with AIG for coverage provided by the active AIG policy. AIG refused Plaintiff's offer.

24. AIG has breached its contractual obligation to pay Plaintiff the $270,000 of UIM benefits provided for by the AIG policy.

25. In addition to its benefit-of-the-bargain damages of $270,000, Plaintiff seeks and is entitled to recover its reasonable attorney's fees from AIG, as provided for by Tex. Civ. Prac. & Rem. Code § 38.001. Plaintiff is represented by an attorney and has presented its claim for breach of contract to AIG. Payment for the just amount owed has not been tendered before the expiration of the 30th day after the claim was presented to AIG in the July 6, 2022 Demand. *See* Tex. Civ. Prac. & Rem. Code § 38.002.

## VIOLATION OF THE TEXAS INSURANCE CODE

26. Plaintiff submitted a proof of loss to AIG, by way of the Demand, which included substantial information regarding Campbell's liability, and Plaintiff's damages and past medical expenses.

27. Although AIG, did not deny Plaintiff's claim for UIM benefits under the policy, AIG failed to pay the Demand or engage in a prompt and reasonable investigation of the claim.

28. AIG had a duty to conduct a full, fair, and prompt investigation of Plaintiff's UIM claim at its own expense and to fully, fairly, and promptly evaluate and adjust the claim.

29. AIG's liability for Plaintiffs' UIM claim became reasonably clear to AIG after it received Plaintiff's Demand and the information provided therein.

30. AIG knowingly violated section 541.060 of the Texas Insurance Code by: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's UIM claim with respect to which AIG's liability had become reasonably clear, and (2) refusing to pay Plaintiff's UIM claim without conducting a reasonable investigation with respect to the claim. *See* Tex. Ins. Code § 541.060(a)(2) and (7).

31. For these violations, Plaintiff seeks and is entitled to recover from AIG: (1) actual damages in the amount of $100,000, (2) court costs, (3) reasonable and necessary attorney's fees, and (4) an award of up to three times the amount of actual damages, as provided for by Tex. Ins. Code § 541.152.

32. AIG also violated: (1) section 542.003 of the Texas Insurance Code by not attempting in good faith to effect a prompt, fair, and equitable settlement of Plaintiff's UIM claim for which AIG'S liability had become reasonably clear., and (2) section 542.058(a) of the Texas Insurance Code by delaying payment of Plaintiff's UIM claim for more than 60 days

after the date AIG received all items, statements, and forms reasonably requested and required under Section 542.055.

33. For these violations, Plaintiff seeks and is entitled to recover from AIG:(1) the $100,000 amount of the claim, (2) interest on the amount of the claim at the rate of 18 percent a year as damages, (3) reasonable and necessary attorney's fees, and (4) prejudgment interest on the amount of the claim, as provided for by Tex. Ins. Code § 542.060.

34. Under Tex. Ins. Code, §542.060, Plaintiff is also entitled to recover damages of the amount of the claim ($270,000), together with 18% per annum on the amount of the claim and attorney's fees and costs. These remedies are in addition to any other remedy or procedure provided by any other law or at common law. *Id*.

35. Defendant has denied and delayed the investigation and payment of Plaintiff's UIM claim in violation of both the Texas Insurance Code and Texas Deceptive Trade Practices Act. Plaintiff therefore seeks all remedies available under Chapters 541 and 542 of the Texas Insurance Code, and under sections 17.46 and 17.50 of the Texas Business and Commerce Code.

## **PRAYER**

Plaintiff prays it have and recover judgment from the Defendant for:

a) Plaintiff's benefits under the UIM Policy in the amount of at least $270,000, plus 18% interest on that amount as provided for Tex. Ins. Code §542.060;

b) An award of attorney's fees and costs pursuant to all statutes set forth above;

c) Expert witness fees.

d) All costs of Court; and

e) All other relief that the Court finds appropriate.

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Telephone: (713) 496-1100
Facsimile: (713) 238-9500
randy@sorrelslaw.com
eservice@sorrelslaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing document has been forwarded to all counsel of record by CM/ECF in accordance with the Federal Rules of Civil Procedure on January 31, 2023.

*/s/ Randall O. Sorrels*
Randall O. Sorrels